### CHARLES D. SANFORD v. HARVEY HUXLEY.

A trustee, who appeals, in pursuance of the provisions of the statute of 1842, from the judgment of a justice of the peace charging him as trustee, cannot tender a confession of judgment, more than twelve days before the term of the court to which the appeal was taken, as might be done in the case of a *party* appellant ; but the same proceedings must be had in the county court, as if the suit had originally been brought there, or, in default of prosecution of the appeal by the trustee, the judgment against him must be affirmed by the county court.

Where, to an action upon a promissory note payable in specific articles, commenced against the maker in the name of the payee, the defendant pleaded in bar, that the consideration of the note accrued from one G., and that the note was made payable to the plaintiff at the request of G., without the knowledge of the plaintiff, and that subsequently the defendant was summoned, in an action against G., before a justice of the peace, as trustee of G., and appeared and disclosed the above facts, and that the present plaintiff also then appeared, as claimant, and that judgment was rendered by the justice against G., and also judgment, that the defendant was chargeable as trustee of G. for the amount of the note, and that the defendant, then trustee, appealed from said judgment, and, more than twelve days before the term to which the appeal was taken, tendered before the justice a con-

Sanford *v.* Huxley.

fession of judgment in favor of the plaintiff in that suit, and the justice thereupon rendered judgment, by confession, that he was chargeable as trustee, and also affirmed the judgment against the principal debtor, which judgments were still in force, it was held, on general demurrer, that the plea disclosed no defence to the action.

When a promissory note is executed, not negotiable, no measure of interest in the note in a third person, whether legal, or equitable, will affect the right of sustaining an action upon the note in the name of the payee, with his consent.

*Semb.*, That a promissory note, payable in specific articles, must be sued in the name of the payee, though in terms payable to the payee, *or bearer.* ROYCE, J.

ASSUMPSIT upon a contract, executed by the defendant and dated March 19, 1844, by which he promised to pay to the plaintiff, or bearer, thirty dollars in merchantable neat stock at a time and place specified. The defendant pleaded the general issue, and also pleaded in bar, in substance, that, before the commencement of this suit, one Philander A. Huxley commenced an action against one John Gibson, before a justice of the peace, and summoned this defendant as trustee of Gibson; that the parties appeared at the time and place of trial, and this defendant then disclosed, as trustee, that, on the 19th day of March, 1844, being indebted to Gibson in the sum of thirty dollars, he executed his note for that sum, payable in cattle at the dwelling house of this defendant in Alburgh, and, at the request of Gibson, made the note payable to the present plaintiff, Sanford, but that Sanford was not present at the time, and this defendant had had no contract or understanding with him, in reference to the note, and that the note was, at the time of disclosure, unpaid; that the plaintiff, Sanford, thereupon entered in that suit as claimant, and was permitted by the court to adduce proofs in support of his right to the note; that the justice rendered judgment in that suit in favor of the plaintiff therein, and against Gibson, and also adjudged that the present defendant was trustee of Gibson by reason of the said note; that this defendant appealed from that judgment to the county court then next to be holden in the county of Grand Isle; that, more than twelve days before the term of the court, to which the appeal was taken, this defendant appeared before the said justice, and confessed judgment, as trustee of Gibson, in favor of the then

plaintiff, for the amount of the judgment rendered by the justice against him, and the justice thereupon rendered judgment against him by confession, for the said amount, and also rendered judgment against Gibson, in favor of the plaintiff in that suit, for the amount of the former judgment against him ; and that the said last mentioned judgments still remained in full force ; and the defendant averred, that the note, respecting which said disclosure was made, was the same note declared upon in this suit.

To this plea in bar the plaintiff demurred generally.  The county court,—ROYCE, J., presiding,—adjudged the plea sufficient ; to which decision the plaintiff excepted.

*Hunt & Nutting* for plaintiff.

I.   The plaintiff insists, that he is in no way to be affected by the original judgment rendered by the justice of the peace.

1.   That judgment was not mutual, as between these parties. 1 Stark. Ev. 260.

2.   It does not appear, by the plea, that the precise question, whether the present plaintiff could collect this note from the defendant, was before the court at that time.   The judgment, to be in any event conclusive, must appear, by the record, to have been upon the precise point now in issue.   Stark. Ev. 264.   1 Esp. Cas. 43.

3.   The present plaintiff was not a *party* to that proceeding. Rev. St. c. 29, §§ 16, 17.

4.   That judgment was vacated by the appeal.  *Bates* v. *Kimball*, 2 D. Ch. 83.   *Love* v. *Estes et al.*, 6 Vt. 288.   *Keen* v. *Turner*, 13 Mass. 265.   *Loveland* v. *Burton et al.*, 2 Vt. 521.   2 Tyl. 397.

II.   The plaintiff is not estopped from prosecuting this suit, by the judgment rendered against the defendant by confession.   The statute authorizing an appellant to tender a confession for the amount of the judgment appealed from could not have been intended to apply to the case of a trustee appellant, for the reason that the law in reference to the trustee process, as it now stands, was not then in force.   The proceedings in reference to trustees are prescribed by special statutes, independent of the general enactments in reference to the parties to suits at law, and in many instances inconsistent with them.   The same chapter, which provides for the confession

of judgment, provides also, that a party in the county court may once review; but it has been decided, that a trustee is not entitled to review; 5 Vt. 186. It is also enacted, that a party before a justice may, in certain cases, appeal; but it has been decided, that that statute was not applicable to a trustee, and a special statute was enacted, giving to him that right; 14 Vt. 328. The statute provides, that suits shall be brought in the county, where one of the parties resides, if either resides in this State,—otherwise, that they may be brought in any county in the state; but it has been decided, that, if the plaintiff and defendant reside out of the State, a trustee residing in Grand Isle county, may be summoned to any county in the State. 13 Vt. 118. It is evident, then, that a trustee is not a " party" to the suit, in the sense contemplated by the statute, which provides, that a party may tender a confession of judgment.

*O. Stevens* for defendant.

1. The defendant insists, that the plaintiff, by becoming a party to the original suit, as set forth in the plea in bar, is concluded by the judgment in that suit, and that his present claim must be deemed *res adjudicata.*

2. The defendant also insists, that he has not, by appealing from the decision of the justice and afterwards confessing judgment, lost the protection given to him by the judgment of the justice.

3. The facts admitted by the demurrer show that the plaintiff has no title to the note in suit.

The opinion of the court was delivered by

Royce, J. The right of appeal was first given to a trustee by the statute of 1842, while the right of a party appellant to tender a confession of judgment (twelve days or more previous to the term of the county court, to which his appeal was taken) had long existed. It had been conferred by a statute relating to the jurisdiction of justices of the peace, passed in 1821, and again by the 49th section of Ch. 26 of the Revised Statutes. The question is now raised, whether a trustee has succeeded to this right of tendering a judgment by confession, as an incident to his right of appeal. And before the question can be answered affirmatively, it must appear, that the judgment, when confessed, would possess the attributes ascribed to such

a judgment by those previous statutes, and that it would harmonize with all the material provisions of the statute of 1842.

Now the statutes, which had authorised the confession of judgment after an appeal taken, had made such a judgment final and conclusive to as great an extent as any other judgment, and had expressly provided, that execution might issue upon it. But a judgment charging a trustee is subject to be avoided by contingencies, and is never final and conclusive, but to certain purposes. If the principal defendant satisfies or avoids the judgment against himself, that against the trustee has thereafter no legal effect. So if no judgment is obtained against the principal defendant. Judgment against the trustee does not conclude the principal defendant in regard to the sum due, as between them, nor does it protect the trustee, except for payments made under it, or such as he continues bound to make. Neither would it seem, that execution is to issue against the trustee in a case like the one here stated. The Revised Statutes do not, in terms, authorise the issuing of execution directly against the trustee in the first instance, except when he is adjudged liable upon default of appearance ; and the statute of 1843 directs, that judgment shall be rendered against him as in case of default, if he improperly refuses to disclose. Such an execution is likewise authorised by the statute of 1842, when the trustee is adjudged liable upon a cash debt to the principal defendant, which has become payable, when judgment passes against such defendant. Perhaps it is also given by implication, when the trustee is rendered liable by reason of some fraudulent contract with the principal defendant. Rev. Stat. Ch. 29, sec. 34, and Acts of 1843, p. 9. It would seem to be a just conclusion from the existing statutes, that, except in the cases now stated, execution is to go against the principal defendant; and if the trustee fails to make payment upon it, as contemplated by law, or to expose such defendant's property in his hands to be taken upon it, that the creditor's remedy is to be sought in an action on the case.

But objections even more obvious and decisive arise from the wording of the act of 1842. It should be borne in mind, that, while the rights of the principal defendant are based upon the general law regulating suits between party and party, those of the trustee are dependent upon certain statutes relating exclusively to the trustee

*process.* The former, like other suitors, has always enjoyed the or-
dinary right of appeal; but the latter did not possess it, until it was
given by the statute referred to. It may be farther remarked, that
the right of an appellant party to confess a judgment, instead of
prosecuting his appeal, is a distinct and additional right, conferred
at a time comparatively recent. In its nature it is not properly a
qualification, or incident, to the right of appeal. And when it is
considered, that proceedings against a trustee are but slightly anal-
ogous to the course of common litigation, and rather in the nature
of an inquisition to ascertain and secure the principal debtor's prop-
erty, we are not prepared to admit the trustee's right to confess a
judgment in this manner, when none of the trustee statutes have ex-
pressly given or recognized it. The statute of 1842, so far from
granting such a right, prescribes the same proceedings to be had in
the county court, as if the suit had been originally brought before
that court. It farther provides, that, when the trustee appeals, and
'no appeal is taken by the principal defendant, the county court
shall affirm the judgment of the justice against the latter without
cost. And again, that, if the trustee fails to enter his appeal in the
county court, the judgment of the justice against him may there be
affirmed. These enactments are explicit and positive, apparently
contemplating no mode of intercepting the progress of an appeal,
when taken by the trustee. Much less do they confer upon the
justice the new and additional power of affirming the judgment
against the principal defendant. This is expressly required to be
done by the county court. And since that court could not act in
the matter, after the appeal had been terminated by a confession of
judgment, it follows that both the confession and affirmance here
relied upon were unauthorised by law.

The plea is defended on another ground. It is urged, that enough
is alleged in the plea, and admitted by the demurrer, to disprove the
plaintiff's title to the note in suit, and at the same time to establish
the title of Gibson. But no measure of interest in Gibson, whether
regarded as a legal or merely equitable interest, could extend to the
right of action upon the note. That must be in the plaintiff, be-
cause the note was made payable to him and was not negotiable.
And since it is not pretended, that the present action is prosecuted
without the privity of Gibson, or against his will, the plea can in no

---

view be held to present any legal defence. It might be otherwise, had the defendant's confession of judgment been a legal and effectual mode of terminating the trustee process against him. In that event it might be considered, that the plea disclosed an interest in Gibson, which his creditor was entitled to attach and hold by the trustee process. But as the process now pleaded did not terminate in any final and valid judgment, the note necessarily ceased to be bound by it; and the plaintiff became entitled to sustain his action upon the note, notwithstanding any property which Gibson should appear to have in it.

Judgment of county court reversed, and judgment that the plea in bar is insufficient. Cause remanded for trial upon the plea of which no disposition has yet been made.