The opinion of the court was delivered by
Valentine, J.:
x Question of atncl; 7¿é-vanoy. This was an action of replevin bi’ought by W. T. McCarty, administrator of the estate of W. G. Quimby, deceased, for the purpose of recovering certain personal property claimed by him to be a portion of the assets of said estate. The defendant was the widow of said Quimby, and claimed said property as a portion of her own separate estate which she owned and possessed during her husband’s lifetime. The property was replevied in Cowley county. The plaintiff, by virtue of the writ, obtained possession of the property, and retained possession thereof up to the time of the trial. The trial was had in Chase county before a jury. Evidence was introduced showing what the market-value of said property was in Cowley county, The plaintiff then offered evidence to show what tlie market-value of the property was in the counties of Lyon and Chase. The defendant objected to this evidence, and the court below sustained the objection. There was no error in this ruling. The defendant had a right to claim, on a verdict in her favor, an alternative judgment for a return of the property, or for the value thereof at the place from which it was taken, in case a return could not be had. The question therefore to be determined by the jury was, what was the value of the property in Cowley county. The market-value of said property in Cowley county was evidently the best evidence of the value of said property in Cowley county. And it is a fundamental rule of evidence that the best evidence of which the case in its nature is susceptible must be produced. Evidence of the market-value of the property in Lyon and Chase counties was therefore rightfully excluded, as there was better evidence.
II. Where a wife exercises acts of ownership over personal property in this state there is no presumption from such acts *499 that the property belongs to her husband. On the contrary, if there is any presumption of ownership from such acts, it is, that the property belongs to the wife.
0 . replevin. III. The court below instructed the jury that if they found for the defendant they must find what actual damage she has sustained by reason of the detention of the property, and also the actual value of the property, and also interest on said actual value at seven per cent, from the time the property was taken. That portion of the instruction which required the jury to find interest was unquestionably erroneous. But as the jury found the value and the interest separately, and as no judgment seems to have been rendered for the interest, the error was immaterial.
4. Husband and wife. Married woman's act. IV. The fourth question discussed in plaintiff’s brief is hardly presented by the record. Neither the special verdict of the jury nor the evidence introduced on the trial shows that the defendant’s husband was ever either in law or equity the owner of said property, except possibly by a very remote inference, entirely too feeble to override the general verdict, or to override the findings of the special verdict, that the property was the sole and separate property of the defendant,, and that the husband in his lifetime did not even exercise acts of ownership over it. But suppose, for the purposes of the argument, that at the time the first “married woman’s act” was passed in Kansas, which was on February 11th, 1858, (Laws of 1858, page 357,) and not in 1859, as seems to be supposed by the plaintiff, the defendant’s husband had, by virtue of the common law, the legal title to said pi’operty although the defendant herself was in equity the rightful owner thereof, (and this is‘the most favorable supposition that can be made for the plaintiff,) and still this court would hold that, when said “ married woman’s act.” took effect, as between the defendant and her husband the defendant, became not only the equitable owner of said property, but also the legal owner thereof.
The judgment of the court below is affirmed.
All the Justices concurring.