W. H. BEAGLE ET AL. V. FALL MILLER.

FILED OCTOBER 17, 1893.    No. 5064.

Chattel Mortgages: CONSIDERATION.  As to attachment cred-
itors of the mortgagor, a pre-existing debt already due is a good
consideration for a chattel mortgage and protects the mortgagee
to the same extent as would a new consideration given at the
time of making the mortgage.

ERROR from the district court of Valley county.    Tried below before HARRISON, J.

The facts are stated in the opinion.

*W. P. McCreary, John A. Casto,* and *V. H. Stone,* for plaintiffs in error :

The mortgage was taken for a sum greatly in excess of the debt due the mortgagee, and for that reason is void as to creditors.    (*Pettibone v. Griswold,* 4 Conn., 158; *North v. Belden,* 13 Id., 376 ; *Hart v. Chalker,* 14 Id., 77; *Youngs v. Wilson,* 24 Barb. [N. Y.], 510; *Divver v. Mc-Laughlin,* 2 Wend. [N. Y.], 596; *Bailey v. Burton,* 8 Id., 339; *Butts v. Peacock,* 23 Wis., 360.)  A mortgage which is executed not alone to secure an indebtedness to the mort-gagee but to protect the property of the mortgagor and to hinder and delay his creditors, this fact being known at the

time by the mortgagee, is fraudulent as to creditors. (Jones, Chattel Mortgages, sec. 334; *Burley v. Marsh*, 11 Neb., 291; *Strohm v. Hayes*, 70 Ill., 41; *Crapster v. Williams*, 21 Kan., 109; *Herkelrath v. Stookey*, 63 Ill., 486; *Solberg v. Peterson*, 27 Minn., 431; *Rencher v. Wynne*, 86 N. Car., 268; *Moline Wagon Co. v. Rummell*, 2 McCrary [U. S.], 307.)

### A. M. Robbins and H. E. Babcock, contra:

A pre-existing debt is a valuable and sufficient consideration for a mortgage and protects the mortgagee to the same extent that he would be protected if he had paid a new consideration at the time of the mortgage. (*Turner v. Killian*, 12 Neb., 584; *Kraucat v. Simon*, 65 Ill., 344; *Butters v. Haughwout*, 42 Id., 18; *Prior v. White*, 12 Id., 261; *McLaughlin v. Ward*, 77 Ind., 383; *Gilchrist v. Gough*, 63 Id., 576; *Bussenbarke v. Ramey*, 53 Id., 499; *Wright v. Bundy*, 11 Id., 398; *Machette v. Wanless*, 1 Col., 225; *Smith v. Worman*, 19 O. St., 145; *Paine v. Benton*, 32 Wis., 491; *Turner v. McFee*, 61 Ala., 468; *Steiner v. McCall*, Id., 406; *Cromelin v. McCauley*, 67 Id., 544.) The same consideration which was the life of the original mortgage became also the consideration for the second. (*Frey v. Clifford*, 44 Cal., 339; *Payne v. Bensley*, 8 Id., 260; *Robinson v. Smith*, 14 Id., 94; *Naglee v. Lyman*, Id., 450; *Work v. Brayton*, 5 Ind., 396; Story, Promissory Notes, 215, note 1; *Davis v. Russell*, 52 Cal., 616; *Sackett v. Johnson*, 54 Id., 109.)

MAXWELL, CH. J.

This is a contest between creditors of one Emil J. Fogth. It appears from the record that in April, in the year 1890, Fogth was indebted to Miller in the sum of $385. This was secured by a mortgage upon his stock of hardware. This mortgage was informal. The testimony also tends to show that during the same month Miller signed two notes

with Fogth, one for $369 and one for $282; that in April, 1890, Miller bought a tract of land of Fogth upon which there were mortgages, one for $1,400 and one for $300, and one for $200; that payments were made on the $1,400 so that it was reduced to $1,100. Miller was to pay Fogth $1,800 for the land, assume the mortgages and the second notes spoken of. These transactions appear to have been brought to the notice of Berger-Alexander Hardware Company, and a considerable part of the goods sold by that company to Fogth were sold after such notice. On the 5th day of December, 1890, Fogth made a second chattel mortgage on his stock of goods to secure the note first mentioned. On the 12th day of the same month the plaintiffs in error brought an action by attachment against Miller and Fogth to secure the possession of the goods mortgaged, and alleged, in effect, that a pre-existing debt was not a sufficient consideration for a mortgage, and this is the principal question in the case. The question here presented was before this court in *Turner v. Killian*, 12 Neb., 580. In that case it was held that as to attachment creditors of the mortgagor a pre-existing debt already due is a good consideration for a chattel mortgage and protects the mortgagee to the same extent as would a new consideration given at the time of making the mortgage. This, in our view, is a correct statement of the law, and will be adhered to. But let us suppose that a pre-existing debt is not a sufficient consideration for a mortgage. Still, the plaintiffs are not entitled to recover. They were fully aware of the existence of the mortgage made in April, 1890; that the Miller mortgage, although void as to creditors, was valid between the parties.

It is claimed that Fogth represented to the plaintiffs in July, 1890, that this mortgage had been paid, but no misrepresentations in regard to the same made by Fogth without the knowledge of Miller would affect the interests of the latter. It was not in fact paid, and the plaintiffs made no objections to the mortgage, and made no investigation

of the facts relating to the satisfaction of the mortgage. The new mortgage was given December 5, under which the mortgagee took possession. This took the place of the first mortgage and was made to cure all defects in that. The proof tends to show that it is based on a sufficient consideration. It is evident that there will be a surplus after the payment of the note in question, but no question as to its disposition is raised. The other questions of fact seem to have been fairly submitted to the jury and it is unnecessary to review them at length. There is no error apparent in the record and the judgment is

AFFIRMED.

THE other judges concur.