OLIFF F. HARRISON'S ADMINISTRATOR *v.* NORTHWESTERN MUTUAL LIFE INSURANCE CO.

January Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, HASELTON, POWERS, and MILES, JJ.

Opinion filed April 3, 1906.

*Life Insurance—Wagering Policy—Assignment of Policy— Gift—Consideration—Assumpsit on Policy—Defences— Equitable Ownership.*

A life insurance policy procured by a man on his own life, payable to his executors, administrators, or assigns, and obtained by him with the purpose of immediately assigning it to a person who had no insurable interest in his life, to whom he forthwith did assign it, and himself paid the renewal premiums during his life, is not a wager.

The assignment of a life insurance policy as a gift is valid without consideration.

Where, in an action at law, a judgment against the defendant will not protect him against the claim of the equitable owner of the subject-matter of the litigation, defendant may defeat plaintiff by showing such equitable ownership.

In assumpsit by an administrator on a policy of life insurance procured by the intestate on his own life and payable to his executors, administrators, or assigns, defendant offered to show that the testate had made a valid assignment of the policy; that said suit was brought against the will and interest of the assignee, on the claim that the assignment was invalid, and that since said suit was begun, the assignee had properly brought suit on the policy in her own name in another state, which suit was still pending. *Held*, that, as this showed that a judgment against defendant in this suit would not protect it against the claim of the assignee, it was error to exclude the evidence and to order a verdict for plaintiff.

GENERAL ASSUMPSIT on a policy of life insurance. Plea, the general issue with notice of special matter. Trial by jury at the September Term, 1905, Rutland County, *Watson*, J., presiding. Verdict ordered for the plaintiff, and judgment thereon. The defendant excepted.

It was conceded that the policy was regularly issued; that all the renewal premiums were paid by the testate during his life; that proper proof of the testate's death had been made to the Company; that the assignee was in no way related to the testate, and that the testate made the assignment to her spoken of in the opinion. The defendant offered to show that since the assignment, the assignee has held the policy and her copy of the assignment thereof; that since this suit was begun, she has properly brought suit in her own name in the State of New York, which suit is still pending; that the suit at bar was not brought at the request of, nor for the benefit of, the assignee, but was brought against her interest and wishes, and upon the ground that she had no interest in the avails of the policy; that the policy was procured by the testate for the purpose of immediately assigning it to the assignee, without consideration, and that the policy was assigned to the assignee by the testate as soon as he procured it, and notice thereof immediately given to the Company. The court excluded all

this evidence, and ordered a verdict for the plaintiff for the face of the policy, with interest and costs, to which the defendant excepted.

The exceptions state that: "The plaintiff contended and offered to show that the assignment was void for want of consideration and had been revoked during the life of said Harrison, and that he gave notice of said revocation to the defendant, but the court made no ruling upon this contention and offer of the plaintiff, as the case was disposed of upon other grounds."

*Lawrence & Lawrence* for the defendant.

The policy was a wager, and void.   13 Am. & Eng. Enc. 650; *Warnock* v. *Davis,* 104 U. S. 775; *Cammack* v. *Lewis,* 15 Wall. 643; *Crotty* v. *Union Ins. Co.,* 144 U. S. 64.

If the policy is valid and the insurance collectible, the evidence offered by defendant was clearly admissible.   The policy was a chose in action, and as such, a proper subject of gift.   8 Am. & Eng. Enc. 1322; *Reed* v. *Copeland,* 50 Conn. 472.

The defendant may set up the rights of the assignee to protect itself, for this suit is brought adversely to the rights of the assignee, and against her interest, and a judgment against the defendant will afford it no protection against the claim of the assignee.   *Southwirk* v. *Hopkins,* 47 Me. 362; 4 Cyc. 93, 94; *Gordon* v. *Drury,* 20 N. H. 353; *Welch* v. *Mandeville,* 1 Wheat. 233; *Mandeville* v. *Welch,* 5 Wheat. 277.

*Butler & Moloney,* and *F. S. Platt* for the plaintiff.

In order to be a wager, the contract must be between the company and the "assured" on the life of another person, in

whom the assured has no insurable interest. *Loomis* v. *Ins. Co.,* 6 Gray 399; *Conn. Mut. Ins. Co.* v. *Schaefer,* 94 U. S. 457; May, Ins. 398.

A person may insure his own life for the benefit of one who has no insurable interest therein. *Campbell* v. *N. E. etc. Ins. Co.,* 98 Mass. 381; *Hale* v. *Ins. Co.,* 6 Gray 172; *Forbes* v. *Ins. Co.,* 15 Gray 254; *Valton* v. *Life Ins. Co.,* 20 N. Y. 32; *Fairchild* v. *Ins. Co.,* 51 Vt. 623.

The pendency of another suit, brought by the assignee on the policy in another state, is no bar to this action. *McGilvray* v. *Avery,* 30 Vt. 538.

The administrator is the proper party to sue on the policy, and the ultimate disposal of the fund is not a matter to be litigated in this suit. *Tripp* v. *Ins. Co.,* 55 Vt. 107; *Wood* v. *Ins. Co.,* 31 Vt. 564; *Skinner* v. *Somes,* 14 Mass. 107; *Jessell* v. *Williamsburg Ins. Co.,* 3 Hill 88; Phil. Ins. 61; *Eg. L. Ins. Co.* v. *Vogel,* 76 Ala. 449; Whart. Conf. L. 1367; *Steele* v. *Conn. L. Ins. Co.,* 31 App. Sir. 390; *Sulz* v. *Mut. etc. Ins. Co.,* 145 N. Y. 563; *Mayo* v. *Eg. L. I. Co.,* 71 Miss. 590.

ROWELL, C. J. This is assumpsit on a policy of insurance procured by the intestate on his own life, payable to his executors, administrators, or assigns.

As the case is presented, it must be taken that the intestate procured the policy for the purpose on his part of immediately assigning it without consideration to Mary A. Gleason, then of Rutland but now of New York, who had no insurable interest in his life; that the policy was assigned accordingly in duplicate under seal, executed by both of the parties, for an expressed valuable consideration, and the policy and one of the assignments delivered to the assignee, who has ever since kept the same; the other assignment being sent to

the defendant company; that the intestate paid all the renewal premiums during his life, and that the assignee paid the last renewal premium; that since this suit was commenced, the assignee has properly brought suit on the policy in her own name as assignee in New York, which suit is still pending; and that the suit at bar was not brought at her request nor for her benefit, but against her will and interest, on the ground and claim that the assignment is void, and that therefore she has no interest in the avails of the policy.

This is not a wagering policy, as claimed by the defendant, for by the law of this State, as shown by *Fairchild* v. *Northeastern Mutual Life Association,* 51 Vt. 613, a policy procured by a man on his own life, in which he has an insurable interest, for the benefit of one named therein who has no such interest, and who makes no outlay in the matter, is not a wager; and by parity of reason, such a policy assigned to such a person, though taken out for that purpose, is no wager.

But the defendant says that though the policy is valid, the plaintiff ought not to be allowed to recover upon it if the assignment is good, for then he would have no right to the money if recovered, and no right to sue for it without the consent and against the will and interest of the assignee, and that therefore the defendant has a right to contest the plaintiff's title, and to show the assignment good, and thereby to defeat the action, in order to protect itself from the danger of having to pay twice.

It is true as a general proposition, that in a suit at the common law, a plaintiff who has the legal interest in the subject-matter of the litigation, cannot be defeated by showing an equitable ownership of the entire subject-matter in a third person. This proposition is based upon the ground that

a judgment against the defendant will protect him against the claim of the equitable owner. But when it will not protect him, he may contest the plaintiff's right to sue by setting up the equitable ownership in defence. This is expressly recognized in *Hackett* v. *Kendall,* 23 Vt. 275. That was an action by the bearer, on a promissory note, the equitable interest in which was in the assignee in bankruptcy of one who was the equitable owner of the note when it was given, and who sold and delivered it to the plaintiff before suit brought, without the knowledge or consent of the assignee, who never knew of the existence of the note till the trial below. The Court said that the defendant could question the right of the plaintiff to sue, for the purpose of protecting himself from a subsequent suit in the name of some one having a better right, and who had not acquiesced in that suit; but that he could not go beyond that. But in the circumstances of that case, the Court thought the defendant was in no danger from the assignee, and the plaintiff had judgment.

The same principle is recognized in *Fletcher* v. *Fletcher,* 29 Vt. 98. That was also an action by the bearers, on a promissory note. The defendant claimed that the plaintiffs had no right to the note, and consequently no right to sue upon it. The Court said that as the defendant did not deny that he owed the note and should pay it to somebody, it was immaterial to him to whom he paid, or who recovered upon it, provided that when paid or recovered upon, it would bar any further claim by others; that to that extent and for that purpose, but no farther, it was competent for him to contest the plaintiffs' title and their right to sue.

*Sanford* v. *Huxley,* 18 Vt. 170, was assumpsit on a note payable to the plaintiff or bearer in neat stock. The defendant pleaded equitable ownership in one Gibson. But the Court

said that as the note was payable to the plaintiff and not ne-
gotiable, the right of action was in him; and as it was not
claimed that the action was prosecuted without the privity and
against the will of Gibson, the plea was no defence..

So in New York under the Code, an assignee, in order to
recover, must have a title that will protect the defendant
against the assignor. *Hays* v. *Hathorn,* 74 N. Y. 486.

The principle of these cases applies here, and necessi-
tates a reversal, unless we can say, as the plaintiff claims, that
the assignment is void for want of consideration.   But we
cannot say that, for if it was a gift, as it may have been, a
consideration is not essential to its validity.   *Watson* v. *Wat-
son,* 69 Vt. 243, 39 Atl. 201.

We take no note of the plaintiff's offer to show revoca-
tion, for if the assignment is revocable, as to which we say
nothing, it cannot, as the case is presented, be taken to have
been revoked.

*Reversed and remanded.*