## DEVIN et al. v. CONNECTICUT MUT. LIFE INS. CO. et al.

No. 6597—Opinion Filed June 20, 1916.

(158 Pac. 435.)

**1. Insurance — Assignment — Delivery of Policy—Presumption.**

Where the evidence discloses that a life insurance policy which has been assigned in writing to the wife of the insured is in the possession of such wife, a presumption of the delivery of such assigned policy to the wife arises.

**2. Same—Effect of Assignment.**

An unconditional assignment of a life insurance policy duly executed and delivered divests the insured of all right and title to said policy of insurance and vests the beneficial interest therein in the assignee.

**3. Same—Right to Proceeds.**

Where an insured assigns his policy of life insurance to his wife and delivers said policy to the wife, the subsequent death of the wife does not operate to restore the title to the policy to the insured, and an alteration in said assignment by striking out the name of the first assignee and substituting therefor the words "my wife," made by the insured after the death of his wife, does not operate to transfer the title to the proceeds of said insurance policy to a second wife.

(Syllabus by Rummons, C.)

Error from District Court, Woods County; W. C. Crow, Judge.

Action by the Connecticut Mutual Life Insurance Company against Charley Devin and others. From a judgment in favor of the defendant Laura E. Devin, the defendants Charley Devin and others bring error. Reversed, with directions.

A. G. Sutton, for plaintiffs in error.

E. W. Snoddy, for defendants in error.

Opinion by RUMMONS, C. This action was commenced in the district court of Woods county by the Connecticut Mutual Life Insurance Company, a corporation, against Charley Devin, Mary Harbaugh, Laura E. Devin, and Kate A. Sniggs, to determine which of said defendants were the

rightful claimants to the proceeds of the policy of insurance issued by the Connecticut Mutual Life Insurance Company upon the life of Alexander N. Devin. This policy of insurance was issued August 1, 1876. On July 27, 1882. said Alexander N. Devin made indorsement upon said policy, assigning the same to his wife, Melissa A. Devin. Melissa A. Devin died in the year 1891, leaving surviving her her husband, Alexander N. Devin, and the plaintiffs in error, Charley Devin, Mary Harbaugh, and Kate A. Sniggs, her children, as her only heirs at law. Thereafter Alexander N. Devin married the defendant in error Laura E. Devin, and on September 16, 1912, said Alexander N. Devin erased the name of Melissa A. Devin from the assignment written upon said policy and inserted therein the words "my wife." Plaintiffs in error claim to be entitled to the proceeds. of the policy of insurance as the heirs of Melissa A. Devin. The defendant in error claims the proceeds of said policy by virtue of the assignment made on September 16, 1912. The plaintiffs in error by their pleadings and evidence put in issue the making by Alexander N. Devin of the alteration in the assignment. However, the evidence at the trial sufficiently supported the finding of the trial court that such alteration was made by Alexander N. Devin prior to his death.

The only question we need consider in the determination of this case is the effect of the assignment made July 27, 1882, transferring said policy of insurance to Melissa A. Devin. The evidence offered by plaintiffs in error shows that this policy of insurance after the assignment was made was in the possession of Melissa A. Devin, and remained in her possession up to the time of her death, and that, thereafter Alexander N. Devin took possession of it, together with the other effects of said Melissa A. Devin. The defendant in error offered no evidence to rebut this evidence of the plaintiffs in error and from the evidence of the possession by Melissa A. Devin of this policy after the execution of the assignment by Alexander N. Devin, the delivery of the policy must be presumed. Farwell & Co. v. Cramer. 38 Neb. 62. 56 N. W. 716: Whiton. Administratrix. v. Snyder. 88 N. Y. 299: Peters v. Fowler. 41 Barb. (N. Y.) 467: McCarty v. Quimby. 12 Kan. 494.

The effect of the execution and delivery by Alexander N. Devin of the assignment of this policy of life insurance to Melissa A. Devin was to divest himself of all right, title, and interest therein and to vest in Melissa A. Devin a present interest in said policy of insurance of which she could only be divested by her own act or that of her personal representative. Franklin Life Insurance Company v. Galligan, 71 Ark. 295, 73

S. W. 102, 100 Am. St. Rep. 73; Harrison's Administrator v. North West Mutual Life Insurance Co., 78 Vt. 473, 63 Atl. 321, 112 Am. St. Rep. 932; Patterson v. Kicker, 72 Ala. 406; Jack v. Mutual Reserve Fund Life Ass'n. 113 Fed. 49, 51 C. C. A. 36.

Upon her death her interest in this policy of insurance passed to her heirs, and the record contains no evidence that said heirs ever consented to a transfer of said policy of insurance to the defendant in error Laura E. Devin. The record is silent as to the place of death of Melissa A. Devin, and it will be presumed that she died in Oklahoma, and that her estate descended in accordance with the laws of Oklahoma. Her surviving husband. Alexander N. Devin, was one of her heirs, and upon her death became vested with a one-third interest in all of the property of which she died seised. He therefore was vested with an interest as an heir of Melissa A. Devin in this policy of insurance, but, as such heir, he had no authority to change the assignment theretofore made by him.

The learned trial court, in determining this case, seems only to have considered the question of whether or not the alteration in the assignment was made by Alexander N. Devin, and seems to have given no consideration to the effect of the original assignment made by him to Melissa A. Devin.

We conclude that the attempted alteration in the assignment was of no effect to transfer title to the policy to the defendant in error Laura E. Devin. and that the plaintiffs in error, as heirs of Melissa A. Devin, inherited a two-thirds interest in said policy, and, as heirs of Alexander N. Devin, their coheir, inherited a two-thirds interest in the remaining one-third of said policy of insurance, thus giving them an eight-ninths interest in said policy. The defendant in error Laura E. Devin is an heir of Alexander N. Devin, and as such is entitled to recover a one-third of his interest in said policy of insurance as an heir of Melissa A. Devin. which would amount to a one-ninth interest in said policy.

The judgment of the court below should be reversed. and the cause remanded. with directions to render judgment in accordance with the conclusions reached in this opinion.

By the Court: It is so ordered.