STATE BANK OF LUSHTON V. O. S. KELLEY COMPANY.

FILED OCTOBER 6, 1896. No. 6353.

1. **Chattel Mortgages.** Under section 14, chapter 32, Compiled Statutes, a mortgagee in good faith is one who takes a chattel mortgage to secure a debt actually and justly owing to him, whether pre-existing or not, without actual or constructive notice of prior equities against the mortgaged property.

2. ————. *Tootle v. First Nat. Bank of Chadron,* 34 Neb., 863, distinguished.

MOTION by defendant in error for a rehearing of case reported in 47 Neb., 678. *Motion overruled.*

*F. C. Power,* for the motion, cited: *Tootle v. First Nat. Bank of Chadron,* 34 Neb., 863; *People's Savings Bank v. Bates,* 120 U. S., 556; 1 Cobbey, Chattel Mortgages, sec. 129.

NORVAL, J.

This is an application for a rehearing of the case reported in 47 Neb., 678, upon the single ground, namely,

that this court erred on holding in the former opinion that a person who takes a chattel mortgage to secure a pre-existing debt can be a mortgagee in good faith within the meaning of the statute. That a mortgage upon chattels given to secure a pre-existing demand will protect the mortgagee as fully as though a new consideration had been paid, is not a new doctrine in this state. It was laid down in 1882 in *Turner v. Killian*, 12 Neb., 580, and has been reasserted in the following cases: *Beagle v. Miller*, 37 Neb., 855; *Chaffee v. Atlas Lumber Co.*, 43 Neb., 224. The decisions of other courts upon the question are conflicting, a large number holding that a chattel mortgage securing a debt previously incurred is subject to all the equities existing between the mortgagor and third parties having prior interest in the property. This rule the writer might be inclined to adopt if the question was not foreclosed by the adjudications in this state, which have been so long acquiesced in as to become a rule of property, not to be set aside by the courts.

It is insisted that *Tootle v. First Nat. Bank of Chadron*, 34 Neb., 863, is in conflict with the decisions cited above. We do not think so. In that case Yates purchased the property on credit, through false representations, and then mortgaged the property to the bank to secure a prior indebtedness. The vendors rescinded the sale on the ground of fraud, which this court held they had the right to do against every person except a *bona fide* purchaser for value without notice of the fraud, and that the bank was not entitled to the protection afforded an innocent and good-faith purchaser of property from a fraudulent vendee. The chattel mortgage to the bank merely created a lien on Yates' interest in the property, subject, however, to be defeated by the vendor's rescinding the sale. The title of the mortgagor having failed, there was not anything to which the mortgage could attach. The case, undoubtedly, would have presented stronger equities had the mortgage been taken by the bank in good faith, without notice of the fraud of Yates, to secure a debt at the

time created. Moreover, the plaintiff in that case was not claiming the property as a creditor, purchaser, or mortgagee, but as absolute owner; hence, section 14, chapter 32, Compiled Statutes, had no application and was not involved in that case, nor was it construed. In the case before us the mortgage of Peter Peters to the State Bank of Lushton secured a debt which he then owed it, the time of payment was extended to a future date, and the security was taken by the bank without any notice of the existence of the mortgage in favor of O. S. Kelley Co. This constituted the bank a mortgagee in good faith within the contemplation of the statute. The motion for a rehearing is denied.

MOTION OVERRULED.

POST, C. J., not sitting.