GEORGE H. ROGERS, APPELLANT, V. MARTIN F. TRUMBLE ET AL., APPELLEES.

FILED MARCH 10, 1910. No. 15,921.

1. **Specific Performance: LEASE: DEMAND: FINDINGS.** Where a written lease of farm land contains a covenant that the lessee. "shall secure the performance of the terms and conditions of this lease on his part by giving to the first party on demand a chattel mortgage upon all or any part of the crops growing or gathered on said premises during the said term", and said lessee, after an instalment of rent has become due and is unpaid, executes to a third party a chattel mortgage upon said crops together with other chattels, and in an action by the lessor for specific performance of the contract of lease the district court finds that "demand was duly made" by the lessor for said mortgage, *held*, that such finding by the trial court is tantamount to a finding that the lessor made such demand in due time and proper manner, and prior to the execution of said mortgage to said third party.

2. ————: ————: **CHATTEL MORTGAGE: FRAUD.** And in such case the execution of such mortgage to said third party constitutes a fraud on the part of such lessee against which a court of equity will grant relief at the suit of the lessor.

3. ————: ————: **CROSS-PETITION: EXEMPTIONS.** And in such a case where such third party is made a party defendant in said suit, and files a cross-petition for the foreclosure of his mortgage lien, the lessee will not be permitted to assert his exemptions as the head of a family, as to such other chattels, and defeat the lessor's collection of his rent by requiring the said crops to be first sold and the proceeds applied to the payment of said third party's mortgage before said third party can subject such other chattels to the payment of his said mortgage.

4. **Marshaling Assets.** In such a case the securities will be marshaled and the exempt chattels first exhausted in payment of said third party's mortgage, and the deficiency, if any, resulting therefrom, only, will be a first lien in favor of such third party upon said crops; and the residue of a sale thereof will be applied to the payment of the lessor's claim for rent.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed with directions.*

*Morning & Ledwith,* for appellant.

*George A. Adams, contra.*

FAWCETT, J.

Plaintiff, being the owner of a farm in Lancaster county, leased the same to defendant Trumble for one year beginning March 1, 1907, for an annual rental of $420, payable $210 August 1, 1907, and $210 January 1, 1908. The lease was in writing and contained among other things the following stipulation: "And it is further covenanted and agreed by and between the parties hereto that the party of the second part shall secure the performance of the terms and conditions of this lease on his part by giving to the first party on demand a chattel mortgage upon all or any part of the crops growing or gathered on said premises during the said term." Plaintiff alleges that on or about August 1, 1907, he demanded of Trumble a chattel mortgage upon the crops then growing upon the farm, but that Trumble evaded the execution of the mortgage by leading plaintiff to believe that his, Trumble's, mother would sign notes with him as security; that in this manner plaintiff was put off from time to time; that on September 27, 1907, Trumble executed a chattel mortgage to defendant Bell to secure the sum of $425.80, the mortgage covering defendant Trumble's farm implements and live stock, and also the "growing crops of corn and wheat raised on said premises during the crop season of 1907." On January 14, 1908, plaintiff commenced this action against both Trumble and Bell for the purpose of having the agreement for a chattel mortgage on the growing crops, contained in the lease, specifically performed, and to have the lien of Bell postponed to plaintiff's lien, or, failing in that, to require Bell to marshal his securities and sell the chattels included in his mortgage upon which Rogers had no claim before resorting to the crops. Defendant Trumble answered claiming that the chattels included in Bell's mortgage, other than the crops, were exempt to him as the head of a family, and that therefore plaintiff was not entitled to require Bell to marshal his securities and sell such exempt articles before resorting to

the crops. Defendant Bell answered denying the allegations of plaintiff's petition, and also filed a cross-petition asserting his lien as a first lien upon all of the chattels, including the crops, and praying a foreclosure of the same. On the trial a decree was entered giving Bell a first lien upon all the chattels included in his mortgage, and giving plaintiff a second lien on the corn for the amount of the rent and interest. The decree denied plaintiff's prayer that Bell be required to resort to the other chattels included in his mortgage before resorting to the crops, and ordered that the corn should be sold first, and the proceeds applied to the payment of the liens in their order before resort be had by Bell to the other chattels. Plaintiff appeals.

The first and second subdivisions of plaintiff's brief are not very strongly insisted upon. We therefore pass them without comment, and will consider only the third subdivision, which is devoted to the question of the marshaling of securities. The evidence shows that the first instalment of the rent due August 1, 1907, was not paid; that there was talk between plaintiff and defendant Trumble that Trumble would secure the signature of his mother to two notes for the two semiannual payments of the rent in lieu of a mortgage. The month of August- having about elapsed without the payment of the instalment of rent due on the first of that month, and Trumble not having delivered to plaintiff the notes signed by his mother, plaintiff, on August 31, wrote Trumble as follows: "Lincoln, Neb., Aug. 31st, 1907. Mr. M. F. Trumble, Havelock, Neb. Dear Sir: I wrote you several weeks ago to come in and pay the $210 of rent which was due Aug. 1st, 1907. Please give this your immediate attention, for I cannot have it stand as it is. If not convenient to pay immediately, bring in those notes indorsed by your mother, and explain matters. Otherwise it must be paid at once. Very truly yours, G. H. Rogers." Trumble received this letter, but denies having received the prior letter therein referred to. Plaintiff testified that, in re-

sponse to that letter, Trumble called at plaintiff's home, and that at that interview plaintiff demanded of Trumble that he execute the mortgage provided for in the lease; that this conversation was in the early part of September. Defendant Trumble denies this, except that he called at plaintiff's residence in response to the letter, but "plaintiff was not at home." On September 27, defendant Trumble executed to defendant Bell the chattel mortgage referred to in the above statement, covering not only his farm implements and live stock, but also the growing crops on plaintiff's land upon which he had stipulated in the lease to give plaintiff a mortgage on demand. In the decree the district court made the following finding: "The court further finds that by a provision of said written lease the said defendant, Martin F. Trumble, agreed that he would on demand execute to the plaintiff a chattel mortgage upon the growing, ungathered crop during said term, and finds that demand was duly made for such mortgage and execution thereof by the plaintiff, but the defendant, Martin F. Trumble, declined and refused to comply with the said provision of said lease." We think this finding of the trial court, which is acquiesced in by both defendants, must be held to be conclusive upon the point that plaintiff had demanded a mortgage upon the growing crops in accordance with the terms of the lease and that defendant Trumble had refused to comply with such demand, prior to the execution of the chattel mortgage by Trumble to Bell. This being true, the act of Trumble in including the growing crops in the mortgage subsequently given to defendant Bell was a fraud upon plaintiff's rights. The finding of the court that the demand was "duly" made for such mortgage does not refer to form alone, but to substance as well. In *Brownell v. Town of Greenwich*, 4 L. R. A. 685 (114 N. Y. 518) the New York court of appeals in the syllabus say: "The expression 'duly adjudged', as used in the statement for the submission of this controversy, means adjudged according to the statute governing the subject, and implies the ex-

istence of every fact essential to perfect regularity of procedure and to confer jurisdiction of the subject matter and of the parties." In the opinion it is said: "It does not relate to form merely, but includes form and substance both." In 3 Words and Phrases, 2259, it is said: " 'Duly' means: In a due, fit, or becoming manner; properly or regularly. * * * In due time or proper manner; in accordance with what is right, required, or suitable; fittingly, becomingly, regularly." The Century dictionary defines the word "duly" as "in a due manner; when or as due; agreeably to obligation or propriety; exactly; fitly; properly." When the court found, therefore, that plaintiff had *duly* demanded the execution of said mortgage, it was tantamount to finding that plaintiff had made the demand in due time and proper manner. When plaintiff demanded the mortgage, it was the duty of defendant Trumble, under his agreement in the lease, to execute it and thus give to his landlord his promised security. Instead of doing so, in violation of his duty in that regard, he subsequently executed the chattel mortgage to defendant Bell for a sum largely in excess of the growing crop, all of which, except the sum of $60, was for a long past due prior indebtedness. The circumstances of the transaction raise a suspicion as to the *bona fides* of the entire transaction of September 27, and strongly indicate that defendant Bell made the small cash advancement as an inducement to Trumble to give him a chattel mortgage not only upon the property which Trumble had a right to mortgage, but also upon the growing crops which in equity and good conscience should first respond to the payment of plaintiff's demand for rent. Whether this be true or not, it is clear that, under the findings of the court, plaintiff, at the time of the execution of the chattel mortgage from Trumble to Bell, had an interest in the growing crops which he could at that time have enforced in a suit for specific performance. For Trumble to violate his contract obligations with plaintiff and encumber the growing crops together with other chattels by his

mortgage to Bell, and then pay neither party, and, when both seek to enforce their demands, interpose his exemptions as the head of a family and require Bell to exhaust the growing crop before resorting to the exempt chattels, thereby entirely defeating plaintiff's collection of the money justly due him, would be a gross wrong on his part which a court of equity will not aid him in perpetrating. As said by the supreme court of Mississippi in *Hodges v. Hickey*, 67 Miss. 715, 726: "The rules by which courts of equity adjust the rights of parties in cases like this are variant, and seem to depend on the peculiar circumstances of each case, the principle being that justice shall be done according to the view taken of the relative positions and rights of the parties." Again, on page 728, the court say: "Holding a part of the land as such trustee, she has, for purposes of her own, encumbered the whole, and by the decree she has secured has exonerated that part which she owned and had a right to encumber by onerating that with which, as against the complainant, she had no right to deal, and has therefore secured a benefit from her own wrong, at the expense of complainant. If we look at the land as the debtor to Patty, it becomes clear that, as between the two tracts, the exempt and non-exempt, the first is, in the view of a court of equity, the principal debtor, and the other a mere surety." Paraphrasing that statement by the Mississippi court, we think it should be said in this case that, if we look at the chattels as the debtor to Bell, it becomes clear that, as between the two classes of chattels, the exempt and non-exempt, the first is, in the view of a court of equity, the principal debtor, and the other a mere surety. We think the court erred in refusing to marshal the securities as requested by plaintiff.

If our statute would warrant us in so doing we would give plaintiff's equities priority over the Bell mortgage, but in this state a landlord has no statutory lien for rent. The lease in evidence did not, *ipso facto,* give plain-

24

tiff a lien. It only gave him the right to demand a mortgage lien. The fact that plaintiff had duly demanded such lien was not of itself sufficient, under the evidence, to charge defendant Bell with constructive notice of his equity thereby acquired; and as this court is committed to the doctrine that one who takes a chattel mortgage to secure a debt actually and justly owing to him, whether preexisting or not, without actual or constructive notice of prior equities against the mortgaged property, is a mortgagee in good faith (*State Bank v. Kelley Co.*, 49 Neb. 242), we reluctantly hold that defendant Bell's mortgage is a first lien upon the chattels in controversy.

The judgment of the district court is therefore reversed and the cause remanded, with directions to enter a decree ordering that the chattels described in the mortgage of defendant Bell, other than the corn and other crops, be first sold and the proceeds applied, first, to the payment of the costs of this suit, including the costs in this court; second, to the payment of his mortgage; and if the proceeds of such sale be insufficient to pay the mortgage in full, that the corn or other crops be sold and the proceeds thereof applied to the payment of the unpaid balance of said mortgage; third, that the surplus, if any, from the sale of said corn or other crops be next applied to the payment of the amount due plaintiff for rent, and if any surplus still remains, after such application, it be paid to defendant Trumble.

REVERSED.