In re Application for Permission to Attach in Case of Ferson et al. v. Armour & Company et al.

Filed October 18, 1919. No. 21281.

Attachment: Jurisdiction. Neither the county judge nor the judges of this court can allow an attachment in an action pending in the district court when a judge of that court is present in the county where the action is pending, and is capable of acting.

Original application for permission to levy an attachment. *Application denied.*

*John O. Yeiser,* for applicant.

Sedgwick, J.

These plaintiffs began an action in the district court for Douglas county against several residents of this state and several nonresidents. After the action had been pending for some time, the plaintiffs applied to this court for an order by the court, or some member thereof, allowing the amount in value of the property of the nonresidents that may be attached in such action and fixing the amount of bond to be given by plaintiffs under section 7732, Rev. St. 1913. The amendment of this section in 1911 (Laws 1911, ch. 168) provides: ''If the demand is not founded on contract, the original petition must be presented to some judge of the supreme, district or county court, who shall make an allowance thereon of the amount in value of the property that may be attached, and the amount of bond, if any, to be given by plaintiff.''

The first question presented by this application is as to the jurisdiction of the judges of this court to make such order. The application is made here, and not in the county or district where the action is pending, and it is conceded that the judges of the district court are in that county and that application has been made to them and refused.

Section 7779 Rev. St. 1913, provides that attachment under the preceding section "may be granted by the court in which the action is brought, or by a judge thereof, or by the county judge of the county," and in *Reed, Jones & Co. v. Bagley,* 24 Neb. 332, it was decided that, when the county judge granted an attachment in an action brought in the district court, "it will be presumed * * * that the judge of the district court was absent from such county."

In the opinion it is said: "It will be presumed that the judge of the district court was absent from Cedar county when the application for the attachment was made to the county judge for that county, and that the order for the attachment was duly made by the judge of Cedar county. The authority conferred upon county judges, in cases where the debt is not due, is for the purpose of preventing a failure of justice." In such case, unless the attachment is allowed when applied for when the action is begun, it may be entirely ineffective, and hence "the ends of justice" require that the application be heard at once. To meet this requirement, if the judges of the court having jurisdiction of the action cannot be reached, the county judge may act for them in this preliminary matter, but the county judge cannot act if the judges of the district court can be reached. With this construction of that statute before them, the legislature used the same language in the amendment of 1911 —and must have considered that this amendment would be similarly construed. The fact that by the provision of the Constitution this court has no original jurisdiction in such an action adds great force to this conclusion. The statute in question confers the same duty and the same authority upon the county judge that it does upon the judges of this court. We then have no more jurisdiction in such a case than the county judge has. It is incredible that the legislature could intend that, when a case was pending in the district court and the judges of that court were present, the

county judge could interfere and make orders allowing attachment, fixing the amount of property that could be attached, and the amount of bond to be given. If the legislature did not intend that the county judge should have such powers, it was not intended that judges of this court should have. The provision is precisely the same in regard to both. The dictum in *Calvert v. State,* 34 Neb. 616, is disregarded.

We conclude, therefore, that neither the county judge nor the judges of this court can allow an attachment in an action pending in the district court when a judge of that court is present in the county where the action is pending, and is capable of acting.

The application is

DENIED.