Skala v. Michael.

JOHN SKALA, APPELLEE, V. MATILDA MICHAEL ET AL.,
APPELLANTS.

FILED NOVEMBER 25, 1922.    No. 22134.

1.  **Landlord and Tenant:** COVENANT FOR LIEN: INJUNCTION: CUS-
    TODIA LEGIS.  A lessor of farm land has a right of action in
    equity against his lessee to enforce the provision of his lease for
    the giving of a chattel mortgage on the crop to secure rent, pro-
    vided his lessee fails or refuses to give such mortgage upon
    timely demand therefor; and such an action, properly brought,
    impounds the crop for the benefit of the lessor against all liens
    attaching thereto subsequently to the commencement of said
    action.  *Ryan v. Donley*, 69 Neb. 623.

2.  ———: LIENS: PRIORITIES.  Attachments in favor of third
    parties levied after the filing of a lessor's petition to secure a
    mortgage according to his lease, and after the issuance of a
    summons thereon with *bona fide* intent to serve the same, are
    subject to the equitable right of such lessor, provided that the
    latter had filed his lease and taken possession of the property
    so that such third parties had actual and constructive notice of
    the equities existing in his favor.

3.  **Appeal:** FINDINGS: REVIEW.  This court will not reverse the
    district court for a finding of fact which the evidence was suf-
    ficient to sustain, even if it might have found differently had
    the matter been before it in the first instance.

4.  **Injunction:** LANDLORD AND TENANT: LIEN.  Evidence examined,
    and injunction found to have been the proper remedy.  The
    equitable right of the lessor in this case was not a legal lien,
    nor could the remedy at law, if such a remedy at law existed,
    have been adequate.

APPEAL from the district court for Cuming county:
ANSON A. WELCH, JUDGE.  *Affirmed.*

*A. R. Oleson,* for appellants.

*John J. Gross* and *P. M. Moodie, contra.*

Heard before MORRISSEY, C. J., DAY, ROSE and ALD-
RICH, JJ., REDICK and SHEPHERD, District Judges.

SHEPHERD, District Judge.

Two injunction suits were brought September 22, 1920,
by the plaintiff, John Skala, one against Matilda Michael

and the sheriff, and the other against Henry Heyne and the sheriff, to restrain the sale of crops grown by the lessee on his land under judgments in attachments entered September 18, 1920, in actions against said lessee by said defendants. Plaintiff alleged, in substance, in each of said suits that his lessee, one John Brockman, owed him a balance of rent amounting to $500, falling due November 12, 1920, which by the terms of his lease he was to secure by mortgage on the described crops; that he called at the farm on the 3d of September of said year to get such mortgage, but that said Brockman had absconded, leaving crops and stock uncared for on the place; that he at once took possession of the premises, fed and watered the cattle, and on the 7th day of September, 1920, commenced an action in equity for specific performance, the establishment of his chattel mortgage lien, foreclosure thereof, and all equitable relief; that on the same day, and only shortly following the action of the plaintiff, defendants Michael and Heyne filed petitions and obtained orders in attachment against said Brockman, and had the same levied upon all the property of the latter, including the crops in question, and afterward, to prevent plaintiff from collecting his rent and by collusion with Brockman to that end, obtained a stipulation from said Brockman to the effect that such attachments might be sustained and judgment rendered against him in the action in which they were issued, and that so the said judgments of September 18, 1920, were procured and entered; that, nevertheless, said attachments were void and of no effect as against the rights of the plaintiff, because no summons was issued in either of said suits; because in the Michael case a false affidavit was filed for the purpose of securing attachment upon a debt not due, and an order obtained from the county judge when the district judge was in the county; because in the Heyne case no order or attachment was ever issued; and because of the collusion referred to; also, that said John Brockman was insolvent.

Answers were filed by the sheriff generally denying the allegations of the petitions, except as to the ownership of the land, the lease, and the filing of plaintiff's petitions for specific performance against Brockman, and justifying under the attachments and orders of sale, alleging undisputed possession of the property thereunder, etc. The replies were the usual qualified denials.

The two cases were consolidated by agreement and tried as one. The court found for the plaintiff and perpetually enjoined the defendants from selling, conveying, removing or interfering with said crops. It found specifically that the Michael attachment was void for the reason that the order for the same was issued by the county judge at a time when the district judge was in the county; found that the plaintiff was in possession of crops to care for and preserve them for the satisfaction of his chattel mortgage when it should be obtained; found that he took possession September 3, and was entitled to have his mortgage enforced from and after the 2d day of that month; and found that plaintiff had commenced his specific performance suit before the commencement of any actions by defendants; and found that plaintiff had no adequate remedy at law in the premises.

All of these findings are separately assigned as erroneous; and defendants also complain in their assignments of error that the finding in favor of the plaintiff and against the defendants was contrary to law and unsupported by the evidence.

That the original action of the plaintiff to secure a mortgage on the crops, etc., was proper is not left in doubt by the holdings of this court. *Sporer v. McDermott,* 69 Neb. 533; *Ryan v. Donley,* 69 Neb. 623; *Rogers v. Trumble,* 86 Neb. 316.

This being decided, the first, and perhaps the controlling, inquiry is: Did the plaintiff by his action in that behalf and otherwise impound the crops in equity so that the attachments and subsequent orders of sale procured by the defendants were of no effect against the plain-

tiff's claim? We think that this question should be answered in the affirmative.

The plaintiff was diligent. His petition was filed before those of the defendants. Further than this, his summons was issued immediately with the *bona fide* intent that it should be served. If the rule observed in attachment proceedings (that the action is deemed commenced upon the filing of a petition and the issuance of a summons with the *bona fide* intent of serving the same) obtains in a suit in equity where the debtor has absconded and the object is to impound his property, then plaintiff's action was begun, and his equitable right established, before the levy of the attachments. Undoubtedly this rule of attachment arises by a liberal construction of the statutes, to the end that the provisional remedy may be made effective. *Johnson v. Larson,* 96 Neb. 193; *Coffman v. Brandhoeffer,* 33 Neb. 279. In the nature of things, it frequently becomes impossible to serve an absconding debtor by a summons issued upon the filing of the petition. If that had to be done to invest the court with jurisdiction over the property sought to be reached, the remedy would prove no remedy at all. Equity has the power, and it would seem that equity ought to hold similarly for the relief of a diligent plaintiff. Under any other rule the dishonest debtor has but to hide and connive in order to defeat the most deserving creditor, if that creditor, as in the instant case, is compelled to resort to equity for his remedy.

As a matter of fact, this was about what happened here. The defendants filed their petitions, and, without the least attempt to serve the debtor, or even to issue a summons for him, secured an order of attachment and a levy of the same. The debtor disclosed his whereabouts to them. And then, in conference with them, he gave them a written stipulation confessing their attachment and authorizing entry of judgment against him, which entry was made at chambers two or three weeks afterward. The plaintiff pleaded fraud and collusion in the

obtaining of said judgment, and we cannot say that the court's finding for him in that regard was not fully justified by the evidence.

But, independently of the foregoing, we are convinced, and hold, that, in conjunction with the bringing of his suit, -the plaintiff established his equitable right to the crop by filing his lease and taking possession of the property on or about the 4th day of September. This was some days before the attachments were levied. The lease provided that he should have a chattel mortgage upon demand. The defendants had both actual and constructive notice of his rights, for, besides the notice of the record, they found him in possession and talked with him about the precedence of his claim before they filed their petitions.

In the case of *Rogers v. Trumble* 86 Neb. 316, a case of the same general nature as this, the court used the following significant language: "The fact that plaintiff had duly demanded such lien was not of itself sufficient, under the evidence, to charge defendant Bell with constructive notice of his equity thereby acquired; and as this court is committed to the doctrine that one who takes a chattel mortgage to secure a debt actually and justly owing to him, whether preexisting or not, without actual or constructive notice of prior equities against the mortgaged property, is a mortgagee in good faith (*State Bank v. Kelley Co.*, 49 Neb. 242), we reluctantly hold that defendant Bell's mortgage is a first lien upon the chattels in controversy." It is obvious that, had the defendant Bell been charged with actual and constructive notice, as in the case at bar, the plaintiff would have been awarded a first lien. We have no hesitancy in deciding that the plaintiff's equitable lien in this case antedates the attachments.

Defendants complain of plaintiff's affidavit for publication, asserting that the same was not jurisdictional, because not sufficiently disclosing the nature of his action. On the contrary, it appears to the court to be quite with-

out fault in this particular. His averment was not that Brockman was a nonresident, but that he had absconded. His affidavit was under subdivision 5, sec. 7640, Rev. St. 1913, and was sufficient. Some of the authorities cited by defendants, notably *Fouts v. Mann*, 15 Neb. 172, and *Scarborough v. Myrick*, 47 Neb. 794, so hold. There are none, we think, to the contrary, as applying to the facts here.

The finding of the district court that the attachment issued upon the suit of Matilda Michael was void because order for the same was obtained from the county court when the district court judge was in the county seems to have ample support in *Ferson v. Armour & Co.*, 103 Neb. 809. There is also abundant evidence to sustain a finding that the plaintiff did not resign his possession and submit to the taking of the sheriff under the attachment orders held by him, as one does who acknowledges a superior right. He admits that he pointed out articles or stock and personal property upon which the sheriff might levy, but maintains that he asserted his right to the crops and continued to harvest and care for them. It appears that he filed his lease for record on the 4th day of September. The provisions of this lease indicate that his taking of possession was justifiable, wholly apart from the fact that under the circumstances it was also a work of necessity and mercy.

It is urged by the defendants that injunction did not lie; that plaintiff might have resorted to an action at law. But he had no lien, merely an equitable right arising from his action against Brockman, which resulted in placing the crops in the custody of the law, rather than in vesting him with a specific lien. His remedy at law would have been doubtful, and would not in any event have afforded him complete and adequate relief. Hence, his resort to equity was permissible. He was entitled to injunction by the authorities hereinbefore referred to. *Sporer v. McDermott*, and *Ryan v. Donley, supra.*

Other objections urged by appellants have been ex-

amined and found untenable. Holding these views, it will be unncessary to comment upon the authorities cited. The court is of opinion that the judgment was without reversible error and that it ought to be affirmed.

AFFIRMED.

