State Bank of Gering v. Grover.

---

STATE BANK OF GERING, APPELLANT, V. MERTON C. GROVER ET AL., APPELLEES.

FILED MAY 26, 1923. No. 22412.

1. **Chattel Mortgages:** PROPERTY NOT IN ESSE. A chattel mortgage upon an unplanted crop of beets is ineffectual to create a lien, either legal or equitable, in favor of the mortgagee until the intervening of some new act, as where the mortgagee takes possession of the crop after it has been planted, and the filing of such chattel mortgage constitutes no notice of a claim of lien.

2. ———: MORTGAGE ON CROPS: PRIORITY. Where a lease provides that the lessee will execute a chattel mortgage on the crops to be raised on the demised premises to secure payment of the rent, and the lessee, after the planting of the crop, executes a mortgage for a debt due to a third person, who had no notice, either actual or constructive, of the provisions of the lease, such third party will acquire a lien on the crop superior to any right of lien in the lessor arising from the provisions of the lease.

3. ———: MORTGAGEE IN GOOD FAITH. A mortgagee of chattels in good faith is one who takes a chattel mortgage to secure a debt actually and justly owing to him, whether preexisting or not, without actual or constructive notice of prior equities against the mortgaged property. *State Bank v. Kelley Co.*, 49 Neb. 242.

APPEAL from the district court for Scotts Bluff county: RALPH W. HOBART, JUDGE.  *Reversed, with directions.*

*Curtis O. Lyda,* for appellant.

*L. L. Raymond, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and GOOD, JJ., BEGLEY, District Judge.

GOOD, J.

Plaintiff brought this action in the district court for Scotts Bluff county, to determine the priority of liens arising from the execution of two chattel mortgages on a crop of sugar beets, one of which mortgages was held by plaintiff, and the other given to the defendant Grover, and by him assigned to defendant bank.  Defendants prevailed, and the plaintiff has appealed.

The facts are not in dispute and are principally covered by a stipulation of the parties.  The record shows that on March 13, 1920, the defendant Grover leased to one Marlow a farm for one year.  The written lease provided that Grover should receive as rental one-fourth of all the beets delivered at the beet dump and $350 in cash.  The written lease contained the following clause:  "The lessee is to give his note for this amount and to secure said note by a chattel mortgage on all of his crops."  On the same day said Marlow executed and delivered to Grover his note for $350, and at the same time executed a chattel mortgage, to secure said note, which contained the following description:  "All of my 1920 crops, which will consist of forty acres of sugar beets and whatever crops I may elect to put on the balance of the farm which belongs to said M. C. Grover, and which I have today leased from him.  This mortgage is intended to cover all of my 1920 crops which will be grown on the above farm."  Said chattel mortgage was filed for record in the office of the county clerk on March 15, 1920.

The record further shows that on the 31st of July, 1920, the plaintiff was, by purchase in the ordinary course of

business, the innocent holder of two promissory notes, previously executed by the said Marlow, and on which there was due the sum of $650; that on the last mentioned date said Marlow, in renewal of said two promissory notes, executed to plaintiff a new promissory note for $650, due November 10, 1920, and secured the same by a chattel mortgage on his three-fourths' interest in 40 acres of beets on the Merton C. Grover farm, being the same farm leased by Grover to Marlow. By agreement of all parties in interest, the beets were harvested and sold and the proceeds thereof distributed to the persons entitled thereto, except $400, which was paid into court, to be turned over to plaintiff or defendants, according to which one is found entitled thereto by priority of his mortgage.

At the time of the execution of the mortgage to Grover, the beets had not been planted and had no existence. Plaintiff contends that neither the provision in the lease nor the chattel mortgage created any lien in favor of the defendant Grover, and could not do so until the intervening of some new act previous to the execution of the mortgage to plaintiff, and that, no intervening act having occurred, plaintiff's mortgage should be decreed to be a prior lien upon the beets. On the other hand, the defendants contend that the mortgage to Grover was good as between the parties to the mortgage; that the mortgage created at least an equitable lien in favor of Grover, and that plaintiff is not an innocent purchaser or incumbrancer of the property and is not a purchaser thereof for value, because its mortgage was given to secure a pre-existing debt.

1. The rule is well established in this state that a chattel mortgage upon an unplanted crop, or upon property not *in esse*, is ineffectual to create a lien, either legal or equitable, in favor of the mortgagee until the intervening of some new act, as where the mortgagee has taken possession of the property after being planted. *Cole v. Kerr*, 19 Neb. 554: *Steele v. Ashenfelter*, 40 Neb. 770: *Battle Creek Valley Bank v. First Nat. Bank*, 62

Neb. 825; *Brown v. Neilson;* 61 Neb. 765. In the instant case it does not appear that Grover took possession of the beets under his chattel mortgage, or that any new intervening act occurred prior to the execution of the chattel mortgage to plaintiff, so that, at the time plaintiff took its chattel mortgage, defendant Grover had no lien upon the beets by reason of his chattel mortgage, and the filing of a void chattel mortgage is not constructive notice of any lien or claimed lien.

2. We are not unmindful that this court has held in *Weigand v. Hyde,* 109 Neb. 678, that—"Where a lease provides that the lessee shall on demand execute a chattel mortgage on the crops to secure the payment of the rent, but lessee fails to do so, and executes to a third person a first chattel mortgage on the same crops, the execution thereof constitutes a fraud on the part of the lessee, as between himself and the landlord, against which a court of equity may grant relief at the suit of the lessor. In such case, the mortgagee, if he had notice of the provisions of the lease, and of the landlord's rights thereunder, is not a mortgagee in good faith, and, in an action by the lessor for specific performance of the terms of the lease, the mortgagee's rights will be subordinated to those of the lessor."

Since, in the case under consideration, the lease from Grover to Marlow was not recorded and plaintiff had no actual knowledge of the provisions thereof, it follows that it was not charged with any notice of any right of Grover to a lien on the beets.

3. Defendants' contention that plaintiff's mortgage was given to secure a preexisting debt and that its lien is subordinate to the equitable right of Grover, to a lien is not well founded. This court has held in *State Bank v. Kelley Co.,* 49 Neb. 242, that—"A mortgagee in good faith is one who takes a chattel mortgage to secure a debt actually and justly owing to him, whether preexisting or not, without actual or constructive notice of prior equities against the mortgaged property." And this holding was

approved in *Rogers v. Trumble*, 86 Neb. 316. It necessarily follows that plaintiff's lien, by reason of its chattel mortgage, was prior and superior to any right of the defendant Grover.

The judgment of the district court is therefore reversed and the cause remanded, with directions to enter judgment in favor of the plaintiff.

REVERSED.