AMERICAN STATE BANK, APPELLEE, V. JOHN KELLER:
WILLIAM LAMM ET AL., APPELLANTS.

FILED DECEMBER 4, 1924.   No. 23602.

1.  Chattel Mortgages: FILING: UNPLANTED CROPS. An agreement in writing to execute a mortgage upon crops not yet planted is not entitled to be filed as a chattel mortgage.

2.  ———: ———: ———. The filing of a chattel mortgage upon specifically described property will not operate as constructive notice of an agreement therein contained to give a chattel mortgage upon unplanted crops.

3.  ———: ———: ———: NOTICE. While a chattel mortgage, or an agreement for one, upon unplanted crops will be enforced in equity against the mortgagor and all persons with notice thereof, the filing of either one of such instruments as a chattel mortgage will not operate as constructive notice of the equitable rights of the mortgagee.

APPEAL from the district court for Scotts Bluff county: P. J. BARRON, JUDGE. *Reversed, with directions.*

*Morrow & Morrow,* for appellants.

*Robert G. Simmons* and *J. M. Fitzgerald, contra.*

Heard before MORRISSEY, C. J., DEAN and GOOD, JJ., REDICK and SHEPHERD, District Judges.

REDICK, District Judge.

This is an action to determine the priority of liens between a chattel mortgage held by the plaintiff and two chattel mortgáges held by the defendants Lamm and Westervelt, respectively, and executed by the defendant John Keller. On March 7, 1922, John Keller, being indebted to the plaintiff for balance due upon a promissory note and money advanced at the time, executed to plaintiff a chattel mortgage upon some personal property, about which there is no issue, to secure his note, for $825, due July 10, 1922. After describing the particular chattels, the mortgage contained this provision: "I further agree to give above bank a first mtg. on my share of crops that I will plant during 1922 both to secure this mtg. and also one of $5,775 (which had been thereinbefore mentioned) on which a balance is yet due of $3,395, said crop mtg. to be given when crop is planted." Subsequently, in accordance with said agreement, and on May 27, 1922, Keller executed a chattel mortgage upon his interest in the then growing crops upon his farm, including 75 acres of sugar beets and 30 acres of oats, as security for his note of $825 and a balance of $3,395, which mortgage was filed for record the same day. On May 17, 1922, Keller executed a mortgage to defendant Westervelt upon the same crops for $2,700 as security for a note of that date, representing money owed, and the sum of about $1,183 thereafter advanced during the season to enable him to harvest his crop. This mortgage was filed for record May 17. On April 25, 1922, he executed a mortgage upon the same crops to defendant Lamm for $400, which mortgage was filed for record May 19, 1922. By consent of the parties the sugar beet crop was sold and the proceeds, $4,445.23, paid into court, of which amount $1,482.90 was paid out by consent of the parties, and the contest is over the distribution of the remainder.

The lower court entered a decree finding the above facts, and finding also that Westervelt and Lamm had no actual notice of the mortgage of the plaintiff and agreement therein contained, but held as a matter of law that said defendants took their mortgages with constructive notice of the agreement contained in plaintiff's mortgage, and ordered the payment by the clerk to the plaintiff of the balance remaining in the custody of the court.    Defendants Lamm and Westervelt appeal.

The sole question for determination is whether or not the due and proper filing of the chattel mortgage of plaintiff on March 7, 1922, afforded constructive notice to the defendants of the agreement therein contained to give the plaintiff a first mortgage upon the crops in question when the same had been planted.   The plaintiff contends that the finding of the court that the defendants did not have actual notice of plaintiff's mortgage is erroneous, but has filed no cross-appeal, and in any event a careful examination of the evidence has convinced us that the finding should not be disturbed.    Eliminating the question of actual notice, parties agree that the only question is the one above stated.

The briefs contain an interesting discussion, with a citation of authorities, upon the question of the validity of the chattel mortgage upon crops to be thereafter planted, and the power of the court to decree specific performance of agreements of the kind contained in plaintiff's mortgage, but we need not enter upon a discussion of these matters beyond the observation that in the cases of *Skala v. Michael,* 109 Neb. 305, and *Weigand v. Hyde,* 109 Neb. 678, substantially identical contracts contained in farm leases were held valid and specifically enforced in the *Skala* case, and the money in the hands of a subsequent purchaser with notice adjudged to the landlord in the *Weigand* case; but in both those cases the subsequent purchasers had actual notice of the agreement.

The claim of appellants is that the agreement contained in plaintiff's chattel mortgage, if contained in a separate

instrument, would not be entitled to record, and, though recorded, would not afford constructive notice of its contents. From these premises it is argued that such agreement, though contained in an instrument which was entitled to record, was no more efficacious in giving notice. It is true that the recording of an instrument not entitled to be recorded will not give constructive notice. *Benedict v. T. L. V. Land & Cattle Co.,* 66 Neb. 236, it is equally true that where an instrument is properly recorded it gives notice, not only of its general character and main purpose, but also of all facts recited therein properly connected with the transaction recorded, and within these limits it is generally held that the record gives notice of such facts as persons would have learned if they had examined the same. 23 R. C. L. 216, sec. 79. But the record does not give constructive notice of facts recited therein having no connection with the transaction from which the authority to record is derived. *Mueller v. Engeln,* 75 Ky. 441. In that case it was held that a provision for a lien upon personal property contained in a deed of real estate constituting a conveyance in the chain of title through which the vendee claimed was not constructive notice of such lien to the vendee, for the reason that the fact exhibited in the deed was wholly foreign to the subject of the reference.

Let us then consider the situation as exhibited by the record in this case. Plaintiff's mortgage was given upon certain chattels therein described as horses, mules, etc.; the agreement to give a mortgage upon future crops was not connected in any manner with the particular chattels described in that mortgage nor with the lien thereon, but was a mere executory agreement to execute a mortgage upon other property not then *in esse;* the agreement was not necessary to the validity of the lien upon the chattels nor connected with it in any manner; it was neither a mortgage nor a conveyance intended to operate as a mortgage of goods and chattels within the purview of the registry acts of this state; it was a separate and distinct

personal contract not within their purview so far as we have been able to ascertain, and if contained in a separate document, even though recorded, would not give constructive notice of its contents. The fact that it was a part of an instrument entitled to record does not give it any vitality or efficacy as notice, for the obvious reason that it was wholly foreign to the subject of the properly recorded instrument.

It is further contended by appellee that a chattel mortgage upon property not *in esse,* though void at law, is an equitable mortgage and constitutes a valid lien. But we have held to the contrary in the case of *State Bank v. Grover,* 110 Neb. 421, in which it was said that such a mortgage was ineffectual to create a lien, either legal or equitable, and the recording of it constituted no notice of a claim of lien; this is upon the principle that the instrument was void. Appellee argues, however, that an agreement for a lien upon property not *in esse* is not void either at law or in equity and is capable of enforcement as an executory contract, and, therefore, that equity will look upon the contract and give it effect the same as a mortgage, on the principle that equity considers that done which ought to have been done. But we are unable to perceive how this aids the appellee. Considered as a mortgage it is void under the principles announced in the *Grover* case; considered as an executory contract it certainly cannot be given any greater effect as to notice than the mortgage itself, had one been executed. Appellee cites *Grand Forks Nat. Bank v. Minneapolis & Northern Elevator Co.,* 6 Dak. 357; but in that state there is a statute expressly declaring valid mortgages upon future crops. Also *Ludlum v. Rothschild,* 41 Minn. 218, holding that such a mortgage is valid in equity and may be enforced against subsequent purchasers with notice. There is no difficulty here. We think one who purchases chattel property with notice of the existence of a mortgage thereon, or with notice of an agreement to execute a mortgage thereon, though such instrument were executed before the property came into being, could

not be considered an innocent purchaser, but would take title subject to the equitable rights of the mortgagee of which he had notice. This was the holding of this court in *Skala v. Michael*, 109 Neb. 305, and *Weigand v. Hyde*, 109 Neb. 678. While in the *Skala* case reference was made to the fact that the lease had been recorded, it also appeared that the equitable mortgagee had taken possession of the chattels and the claimants had actual notice of his equitable rights before the issuance of the attachment. And while in the case of *State Bank v. Grover, supra,* it was said: "Since * * * the lease from Grover to Marlow was not recorded and plaintiff had no actual knowledge of the provisions thereof, it follows that it was not charged with any notice of any right of Grover to a lien on the beets." This must not be considered as authority for the proposition that, if the lease had been recorded and there had been no actual notice, it would have afforded constructive notice, because such holding was not necessary to the disposition of the case.

*Kelley v. Goodwin*, 95 Me. 538, is cited to the effect that an equitable mortgage may be filed for record the same as a legal mortgage. In that case the court construed an agreement in the lease, whereby the lessor retained title to all the crops thereafter planted until the rent was paid in full, as an equitable mortgage, and that inasmuch as it was not filed as a mortgage subsequent purchasers would be protected. The distinction here is that no attempt to create a lien can be found in the language of the contract, but a mere executory agreement to give the lien at a future time. The case is in line with the holdings in those states where the filing of a mortgage upon property not *in esse* is said to give constructive notice of the equitable rights of the mortgagee, but, as above indicated, the rule in this state is different. What would have been the holding of the Maine court if the contract had been a mere executory agreement to give a mortgage in the future, is not intimated.

While we have no doubt as to the validity of appellee's

agreement and the power of a court of equity to enforce its specific performance against all persons having notice thereof, we are constrained to hold that recording the same as a part of the chattel mortgage did not impart constructive notice, and as appellants had no actual notice thereof, their rights under their mortgages are superior thereto.

We have examined the other points made by appellee, and authorities cited, but do not deem it necessary to discuss them.

The judgment of the district court is reversed, with instructions to enter a decree in conformity with the views herein expressed.

REVERSED.

Note—See Chattel Mortgages, 11 C. J. secs. 51, 71, 95, 229.